IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Roanoke Division)

|  |  |
|---|---|
| **ERN REYNOLDS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.:7:09-CV-00228 |
| ) | |
| **AMERICAN EXPRESS Entity One** ) | |
| **through and including** ) | |
| **AMERICAN EXPRESS Entity Nine,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S 1ST PETITION
REQUESTING PRODUCTION OF DOCUMENTS *DE BENE ESSE***

COMES NOW, Defendant American Express Entity One through and including American Express Entity Nine[1] and American Express Travel Related Services Company, Inc. ("AETRS"), collectively referred to as "Defendant," by and through counsel, Quagliano & Seeger, P.C., pursuant to Federal Rule of Civil Procedure 12(b)(6), and respectfully in support of its Motion to Dismiss the 1st Petition Requesting Production of Documents *De Bene Esse* (the "Petition") filed by Plaintiff Ern Reynolds ("Reynolds") state as follows:

**SUMMARY OF ARGUMENT**

In the Petition, Reynolds seeks production of certain documents from Defendants named "American Express Entity One through and including American Express Entity Nine." Petition, ¶

---

[1] There is no such entity (or entities) as "American Express Entity One through and including American Express Entity Nine" and for this reason alone the Petition should be dismissed for failure to name the proper party defendant. American Express is a tradename for various American Express entities. The proper party defendant in this matter – the party with which Plaintiff had an account – is American Express Travel Related Services Company, Inc. ("AETRS"). AETRS joins in this motion so that the Court may dismiss this Petition on the merits rather than a procedural technicality.

4. Reynolds purports to have filed the Petition pursuant to Fed. R. Civ. P. 27, 26, and 34. Petition, ¶ 3. However, the Petition is improper under the express language of each of these Rules as well as relevant case law. As a threshold matter, Rules 26 and 34 are inapplicable in this instance because they govern the discovery procedures of civil actions *pending* before the federal courts. The Petition does not initiate a civil action and no such action is pending before this Court, therefore Reynolds' reliance on Rules 26 and 34 is misplaced.

Additionally, by seeking the production of documents, the Petition overreaches the permissions granted in Rule 27 for a person to obtain *depositions* in advance of initiating a civil action in federal court, as the Petition only seeks production of documents. As such, the Petition applies this rule improperly, using it as a discovery device. Further, the Petition fails to meet the requirements of Rule 27 in that it does not name parties that would be named in the anticipated action, nor does it show that the evidence sought is necessary and unable to be obtained through standard discovery. Because the Petition fails to meet the requirements of the Federal Rules of Civil Procedure and applicable law, the Petition should be dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

Reynolds has been an American Express cardholder since 1966. Recently, certain disputes have arisen as to the Reynolds account and in response to these disputes, Reynolds has requested copies of the original cardholder agreement ("Original Agreement") that was in place when he opened the account over forty years ago in 1966. The Original Agreement is unavailable as it is AETRS' record retention policy to maintain cardmember agreements for only seven years after they are out-dated and no longer effective. Cardholders periodically agree to and become bound by subsequent cardholder agreements as the terms and conditions under which services are provided by AETRS change over time. AETRS has furnished to Reynolds

the most recent cardholder agreement.  Despite this, Reynolds filed the subject Petition seeking the 1966 cardholder agreement from certain unnamed American Express entities.

## STANDARD OF REVIEW

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court reviews whether the complaint, "under the facts alleged or any set of facts that could be proved in support of the complaint is legally sufficient." Eastern Shore Mkts., Inc. v. J.D. Associates, L.P., 213 F.3d 175, 180 (4th Cir. 2000).  "Because only the legal sufficiency of the complaint, and not the facts in support of it, are tested under a Rule 12(b)(6) motion, [a court] assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations."  Id. citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  While a court must take the facts in the light most favorable to the plaintiff, it need not accept the legal conclusions drawn from the facts, unwarranted inferences, or unreasonable conclusions or arguments.  Eastern Shore, 213 F.3d at 180.

## ARGUMENT

**A. Reynolds' Reliance on Rules 26 and 34 is Misplaced as no Civil Action is Pending Before this Court.**

The Petition seeks the production of documents, a procedural device generally permitted in discovery.  However, the clear language of the rules governing discovery in the federal courts prohibits pre-complaint discovery.  Rule 26 states that "*parties* may obtain discovery of any matter, not privileged, which is relevant to the subject matter involved in the *pending* action."  Fed. R. Civ. P. 26(a) (emphasis added).  Neither this rule, nor its corollary related to electronic discovery, Rule 34, allow for pre-complaint discovery sought of entities which are not *parties* to

3

a *pending* action. Federal Courts have held uniformly that pre-complaint discovery akin to that which Petitioner seeks, in the absence of a pending action, is generally not permitted. <u>In re: Flash Memory Antitrust Litigation</u>, WL 62278 (N.D. Cal. 2008). Further, filing a Rule 27 petition alone does not initiate a proceeding sufficient to place the matter within the application of Rule 26. In fact, federal courts have stated quite the opposite, holding that the "law does not allow the deployment of Rule 27 so as to conduct pre-Complaint discovery." <u>In re: Sitter</u>, 167 F.R.D. 80 (D.Minn. 1998). <u>See</u> also <u>Penn Mutual Life Ins. Co. v. U.S.</u>, 68 F.3d 1371, 1376 (D.C. Cir. 1995); <u>Nevada v. O'Leary</u>, 63 F.3d 932, 936 (9th Cir. 1995); <u>Ash v. Cort</u>, 512 F.2d 909, 911 (3rd Cir. 1975); <u>In re: Checkosky</u>, 142 F.R.D. 4, 7 (D.D.C.1992); <u>In re: Boland</u>, 79 F.R.D. 665, 668 (D. D.C. 1978). Because there is no pending action wherein Reynolds seeks discovery, there can be no application of Rule 26 and 34 as Reynolds asserts, and the Petition should be denied.

Assuming, for the sake of argument, that the Petition establishes a pending action in this Court, which it does not, discovery is premature at this stage, given the provisions set forth at Rule 26(d) which state that "a party may not seek discovery from any source before the parties have conferred as required by 26(f)." Fed. R. Civ. P. 26(d). The Rule 26(f) conference is an essential prerequisite to the issuing of discovery in a federal civil proceeding, and this rule applies broadly to federal litigants. *Riley v. Walgreen Co.,* 233 F.R.D. 496, 498-9 (S.D.Tex.2005). ("By its express terms, Rule 26(d) bars discovery until after the parties have conferred about a discovery plan as directed by Rule 26(f)…Rule 26(d)'s proscription sweeps broadly: not only may a party not 'serve' discovery, it may not even 'seek' discovery from any source until after the Rule 26(f) conference"). Even if this Court were to determine that the Petition does initiate a "pending action," the issuance of a request for the production of

4

documents is premature given that there has not been a pre-discovery conference as required by Rule 26(d) and therefore, the Petition should be dismissed.

### B. Rule 27 permits Depositions, not Production of Documents.

Federal Rule of Civil Procedure 27 states, in relevant part:

> A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court…The petition *must* ask for an order authorizing the petitioner *to depose* named persons in order to perpetuate their testimony.

Fed. R. Civ. P. 27 (emphasis added). The language of this rule clearly intends to allow potential litigants to elicit *deposition testimony* in advance of initiating a civil action in federal court. In re: Storck, 179 F.R.D. 57 (D. Mass. 1998). See also U.S. v. Van Rossem, 180 F.R.D. 245, 247 (W.D.N.Y. 1998) ("By its terms, Fed.R.Civ.P. 27(b) applies only to the taking of depositions, not interrogatories or document production"). Rather than seeking a deposition, however, Reynolds seeks the *production of documents* which would be available ordinarily only in discovery. In Storck, the court considered a petitioner's Rule 27 request for the production of documents under similar procedural facts. In re: Storck, 179 F.R.D. 57 (D. Mass. 1998). There, the petitioner requested certain documents claiming, as does Reynolds, that the documents were essential to the preparation of her case, and without the documents, she would lack the basic information needed to bring suit against any party.[2] Id. at 58. The court denied the petitioner's request for production of documents, rejecting the argument that Rule 27 should be extended to permit production of documents in addition to deposition testimony. Id.[3]

---

[2] In Storck, the petitioner had already received from the respondent certain documents relevant to her claim, which may have been sufficient to prepare her case. Similarly, here, AETRS has supplied Reynolds with the most recent applicable cardholder agreement.

[3] The court notes that production of documents has been permitted under Rule 27 under specific circumstances not relevant in Storck or here (e.g., death row inmate petitioning for discovery of potentially favorable evidence).

5

Similarly, here, Reynolds requests documents for the purpose of determining *whether or not* he has a valid claim stating, "Plaintiff recognizes that the contents of the documents described…may resolve and even vitiate the present dispute." Petition, ¶ 10.  In this regard, the Petition seeks discovery that Rule 27 simply does not permit.  Penn Mutual Life Ins. Co. v. U.S., 68 F.3d 1371 (D.C. Cir. 1995) (Rule 27 is not to be used as a substitute for discovery).  The District Court of the District of Columbia properly characterized a claim of this nature in Boland. "Petitioner's claim…ultimately rests only on the basis that the relief is needed to permit [him] to draw a proper complaint. Yet it is well settled that Rule 27(a) is not a method of discovery to determine whether a cause of action exists; and, if so, against whom action should be instituted." In re: Boland, 79 F.R.D. 665, 668 (D.D.C. 1978).  Federal courts have consistently held that Rule 27 is not to be used as a broad-based discovery device.  Because Rule 27 permits only depositions and not production of documents, the Petition seeks discovery that is not permitted by Rule 27 and therefore, should be dismissed.

**C. The Petition Fails to Meet the Requirements of Rule 27.**

Rule 27 sets forth five requirements for filing a petition before an action is filed. Specifically, the petitioner must show:

(A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

(B) the subject matter of the expected action and the petitioner's interest;

(C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

(D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

(E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a)(1).  Here, the Petition fails to meet the requirements set forth in this rule in several ways.  First, the Petition does not state the subject matter of the expected action and Reynolds' interest, as required by Rule 27(a)(1)(B).  While the Petition states that Reynolds "expects to be a party to a contract-connected action," it fails to state the nature of such an action.  Petition, ¶ 7.  Similarly, although the Petition includes a section entitled "Subject Matter and Prospective Facts to be Established," this section does not state the nature of the potential action that Reynolds anticipates.  At ¶ 11 of the Petition, Reynolds sets forth a number of statements about what is *not* included in the Original Agreement, but he fails to state what *is* included in this document that would be the subject of a potential civil action.

The Petition also fails to meet the requirements of Sections D and E of Rule 27(a)(1).  These sections require that the petitioner state the names of the persons that will be adverse parties in the anticipated litigation.  In naming American Express One through and Including American Express Entity Nine, Reynolds has failed to provide a proper name and description of the adverse party as required by Rule 27(a)(1).  Petition, ¶ 4.

Finally, the Petition thwarts the purpose of Rule 27, which is to preserve testimony that may otherwise be lost if not obtained immediately.  <u>Ash v. Cort</u>, 512 F.2d 909, 911 (3rd Cir. 1975) (noting that the rule is available in special circumstances when evidence might otherwise be lost).  Rule 27 allows for the taking of depositions in advance of a civil action where the petitioner has satisfied the requirement that "the testimony may prevent a failure or delay of justice." Fed. R. Civ. P. 27(a)(3).  Reynolds has advanced no reasons why the evidence he seeks in the Petition could not be obtained through standard discovery means after filing a complaint in federal court.  Federal courts have consistently held that the absence of an urgent need to obtain evidence that may not later become available is a fatal flaw in filing a Rule 27 petition, and is

7

grounds for denial. In Boland, the court noted that one requirement of Rule 27 is "that a substantial danger exists that the testimony sought to be preserved by deposition would otherwise become unavailable before the complaint could be filed." Boland, 79 F.R.D. at 667. The court stated that the petitioner had not met this requirement and "for that reason alone her petition must be denied." Id. Reynolds' petition should be denied on the same grounds.

## CONCLUSION

For the foregoing reasons, Defendant American Express Entity One through and including American Express Entity Nine and American Express Travel Related Services Company, Inc., respectfully request that this Honorable Court grant their Motion to Dismiss Ern Reynolds' 1st Petition Requesting Production of Documents *De Bene Esse*.

Dated: July 31, 2009

                Respectfully Submitted,

                **AMERICAN EXPRESS Entity One through and including AMERICAN EXPRESS Entity Nine and AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.**

                By Counsel

 /s/ Julie Quagliano
Julie Quagliano, VSB #37119
Quagliano & Seeger, P.C.
2620 P Street, NW
Washington, DC 20007
Telephone:	(202) 822-8838
Facsimile:	(202) 822-6982
E-mail:	quagliano@quagseeg.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Memorandum in Support of Defendant's Motion to Dismiss was electronically filed with the Court on July 31, 2009, and that a copy of the foregoing was sent by email and first class mail on July 31, 2009 to:

>Ern Reynolds
>1324 Brunswick Street, S.W.
>Roanoke, VA  24015-2229
>Telephone: (540) 343-6717
>Facsimile: (540) 343-8117
>Email: Ern_Reynolds@juno.com

*Pro Se Plaintiff*

>/s/ Julie Quagliano
>Julie Quagliano, VSB #37119
>Quagliano & Seeger, P.C.
>2620 P Street, NW
>Washington, DC 20007
>Telephone: (202) 822-8838
>Facsimile: (202) 822-6982
>E-mail: quagliano@quagseeg.com

*Counsel for Defendant*