CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

AUG 20 2009

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ERN REYNOLDS, | ) | Civil Action No. 7:09CV00228 |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| AMERICAN EXPRESS | ) | |
|    ENTITY ONE, et al., | ) | By: Samuel G. Wilson |
|    Defendants. | ) | United States District Judge |

Plaintiff Ern Reynolds has petitioned this court for an order requiring nine American Express entities, purported defendants in a future lawsuit, to produce documents related to Reynolds's credit card account. Defendants oppose the petition. The court finds Reynolds has failed to establish that the information he requests will be lost if not perpetuated and that Reynolds is merely seeking information for drafting a complaint. Accordingly, the court denies Reynolds's petition.

### I.

Reynolds has been an American Express cardholder since 1966 but lacks a copy of his 1966 cardholder agreement and does not know which corporate entity issued his credit card. In his petition, Reynolds alleges that a dispute has arisen between him and the "Issuer of American Express Card ending in 4009," one of the nine entities named,[1] and that he "expects to be a party to a contract-connected action cognizable in this U.S. Court, but cannot presently bring it or cause it to be brought." (Pet. ¶ 6.) Reynolds asks this court to order the purported defendants to indicate which of them issued his credit card, and to provide him a copy of his 1966 credit card

---

[1] The purported defendants have identified American Express Travel Related Services Company ("AETRS") as the proper defendant in this action.

1966 credit card agreement[2] and copies of any purported changes in the operative language of that agreement. Reynolds asserts that these documents will demonstrate that he did not waive certain rights and abilities he otherwise would have in a potential dispute between himself and the issuer of the card.[3] Reynolds has not filed a complaint against any of the purported defendants, and he acknowledges "that the contents of the documents [requested] . . . may resolve and even vitiate the present dispute." (Pet. ¶ 10.)

## II.

Reynolds asks the court to order defendants to produce the requested documents in the interest of judicial economy because this information may resolve the dispute before Reynolds files a complaint. The court finds that Reynolds has failed to present circumstances that warrant pre-litigation discovery, and accordingly dismisses his petition.

Under Federal Rule of Civil Procedure 27, a party may conduct discovery before filing a complaint by filing a petition that shows, among other requirements, "that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought" and "the facts that the petitioner wants to establish by the proposed testimony and the reason to perpetuate it." Fed. R. Civ. P. 27 (2006). "'Rule 27 properly applies

---

[2]AETRS asserts that it no longer has a copy of Reynolds's 1966 cardholder agreement because the company only retains outdated records for seven years. AETRS provided Reynolds a copy of the most recent cardholder agreement.

[3]Specifically, Reynolds asserts that he has not consented to arbitration, unilateral amendment of rights, a waiver of his ability to bring a class action suit, additional credit bureau reporting after the card's issuance, or limits on his allowable charges when he has paid the previous month's bill.

2

only in that special category of cases where it is necessary to prevent testimony[4] from being lost.'" Deiulemar Compagnia Di Navigazione v. M/V Allegra, 198 F.3d 473, 484 (4th Cir. 1999) (quoting Ash v. Cort, 512 F.2d 909, 911 (3d Cir. 1975)). "Because the rule's purpose is not the determination of substantive rights, but merely the providing of aid for the eventual adjudication of such rights in a suit later to be begun, it is designed to afford a simple ancillary or auxiliary remedy to which the usual federal jurisdictional and venue requirements do not apply." Id. "Rule 27 is not a substitute for broad discovery, nor is it designed as a means of ascertaining facts for drafting a complaint." Id. at 485-86 (internal citations omitted).

Reynolds has not alleged that perpetuation is necessary to prevent the information he requests from being lost, and Reynolds admits that the documents he requests may vitiate any claim he might assert. The court finds that Reynolds's request is merely an attempt to ascertain facts for drafting a complaint, and accordingly denies his petition.

### III.

For the foregoing reasons, Reynolds's petition is **DENIED**.

**ENTER:** This 20th day of August, 2009.

_____
UNITED STATES DISTRICT JUDGE

---

[4]Though Rule 27 by its terms only permits depositions to perpetuate testimony, "[p]erpetuation of testimony includes the inspection of documents and things." Deiulemar, 198 F.3d at 478 n.5.

3